IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VOGEL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEAN VOGEL, APPELLANT.

Filed March 21, 2023.    No. A-22-676.

Appeal from the District Court for Adams County: MORGAN R. FARQUHAR, Judge.
Affirmed in part, and in part vacated and remanded with directions.

Don E. Theobald, of Theobald Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Jean Vogel appeals her sentences after being convicted of one count of third degree assault on an officer, a Class IIIA felony, and one count of resisting arrest, a Class I misdemeanor. Vogel asserts that the sentencing court abused its discretion in ordering the sentences for each count to be served consecutively. While we find no merit to Vogel's assignment of error regarding the sentence imposed for resisting arrest, we agree with the State's assertion that the sentencing court committed plain error by failing to impose a determinate sentence and a term of post-release supervision on Vogel's Class IIIA felony conviction.

BACKGROUND

On March 22, 2022, Vogel was charged by information with six counts: two counts of third degree assault on an officer, emergency responder, or health care professional; one count of

domestic assault in the third degree; one count of resisting arrest; one count of second degree trespass; and one count of criminal mischief, less than $500. Pursuant to a plea agreement with the State, Vogel entered a plea of no contest to one count of third degree assault on an officer, a Class IIIA felony, and one count of resisting arrest, a Class I misdemeanor. The remaining counts charged in the information were dismissed by the State. In conjunction with the plea agreement in this case, Vogel also entered a plea of no contest in another open case, CR22-19, to an additional count of third degree assault on an officer, emergency responder, or health care professional. The court ordered a presentence investigation report (PSR) and scheduled sentencing for August 22.

According to incident reports included in the PSR, the circumstances surrounding Vogel's current charges occurred on January 5, 2022. On that date, officers of the Hastings Police Department were dispatched to a residence after receiving a report that there was a female trespasser who appeared to be having a psychotic episode. The female trespasser was identified as Vogel. Law enforcement had previously been called to this residence approximately five weeks earlier as a result of Vogel assaulting the residents during a psychotic episode in which she also assaulted responding officers.

Upon officers' arrival to the residence on January 5, 2022, they discovered Vogel speaking nonsense loudly. Vogel's pupils appeared to be widely dilated, and because officers were aware of Vogel's history, they believed she was under the influence of methamphetamine. When officers attempted to place Vogel under arrest for trespassing, she began to resist by pulling her arms away from the officers. Once Vogel was in handcuffs, she attempted to anchor herself to prevent officers from taking her. Two officers were able to control her upper body while a third officer tried to grab her legs. As the third officer approached, Vogel kicked her in the chest area. Vogel kicked again and hit the officer in the lower stomach and groin area below her duty vest. The officer stated this kick caused her significant pain. Vogel was placed on a stretcher and transported to a local hospital where she was taken into emergency protective custody. Vogel continued fighting officers and medical staff until she was given medications to calm down.

At the sentencing hearing on August 22, 2022, Vogel told the district court that she had kicked the officers who were trying to arrest her because she had PTSD after being in a relationship with domestic violence. She further explained that she was not a violent person and would successfully complete a term of probation if so sentenced. Contrary to Vogel's statements to the court, the State pointed out that during the course of this case, Vogel had been serving a term of probation in an unrelated matter. Vogel had recently been unsuccessfully discharged from a rehabilitative program due to noncompliance and her probation was subsequently revoked. Ultimately, the court determined that Vogel was not a suitable candidate for probation because of her criminal record, the nature of the offenses, and her attitude toward the offenses.

The court informed Vogel that it had "spent a significant amount of time reviewing the information contained in the PS[R]" and the case file. The court noted a concerning pattern of escalation in Vogel's recent actions. Then the court recounted that the events of CR22-19 occurred in November while Vogel was facing felony possession of controlled substance charges and a separate misdemeanor charge of trespassing. The events of this case occurred while those cases were pending. Vogel was sentenced to 30 to 36 months' imprisonment on her conviction for third degree assault on an officer with credit for 214 days' served, and to 12 months' imprisonment on her conviction for resisting arrest. The sentences were ordered to be served concurrently with each

other. The court also ordered that Vogel's sentence run consecutively to the sentence imposed for assaulting an officer in her separate case at CR22-19.

Vogel appeals.

## ASSIGNMENTS OF ERROR

Vogel assigns that the sentencing court "abused its discretion by imposing an excessive sentence of incarceration for two (2) counts to be served consecutively."

In its responsive brief, the State points out that the sentencing court committed plain error in failing to impose a determinate sentence and failing to impose a term of post-release supervision on Vogel's Class IIIA felony conviction for third degree assault on an officer pursuant to Neb. Rev. Stat. § 29-2204.02 (Cum. Supp. 2022).

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022).

Consideration of plain error occurs at the discretion of an appellate court. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

## ANALYSIS

*Consecutive Sentences.*

In the argument section of her brief, Vogel asserts the sentencing court abused its discretion in ordering her sentences in this case be served consecutively. However, Vogel's argument is factually incorrect. The sentencing order from the district court states, "sentences should be consecutive to Adams County District Court CR22-19; that the sentence in Count I and Count IV should run *concurrent* to each other." (Emphasis supplied.) Therefore, Vogel's claim that the court abused its discretion in ordering the sentences for each count in this case to be served consecutively to each other is incorrect and without merit. Vogel makes no argument that the sentences imposed in this case should have been imposed concurrently with case No. CR22-19.

*Plain Error.*

However, as to Vogel's conviction for third degree assault on an officer, we agree with the State that the court committed plain error by failing to impose a determinate sentence and failing to impose a term of post-release supervision as is required by the statutory sentencing guidelines. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *State v. Roth, supra*. An appellate court has the power on direct appeal to remand a case for the imposition of a lawful sentence where an erroneous one has been pronounced. *Id.* The statutory provisions of § 29-2204.02 and Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022) relating to post-release supervision are mandatory, and a sentence that fails to impose post-release supervision when required is an appropriate matter for discretionary plain error review. *State v. Roth, supra*. Section 29-2204.02 provides that "in imposing a sentence upon an offender for a Class III, IIIA,

or IV felony, the court shall: (a) impose a determinate sentence of imprisonment within the applicable range in section 28-105; and (b) impose a sentence of post-release supervision . . . within the applicable range in section 28-105." Section 28-105 allows for up to 3 years' imprisonment and 18 months' post-release supervision and requires a minimum of 9 months' post-release supervision if imprisonment is imposed.

The sentencing court imposed an indeterminate sentence of 30 to 36 months' imprisonment and failed to impose any post-release supervision for Vogel's Class IIIA felony conviction for assault on an officer. Because § 29-2204.02 requires a determinate sentence for a Class IIIA felony, and § 28-105 requires a minimum of 9 months' post-release supervision if imprisonment is imposed, the sentencing court committed plain error. Vogel must be sentenced to a determinate period within the 0 to 3 year range. The sentencing court must also order at least 9 months of post-release supervision with conditions of that supervision specified. Therefore, this case must be remanded for resentencing by the district court in accordance with § 29-2204.02 and to specify the conditions of Vogel's post-release supervision.

*Resisting Arrest Sentence.*

Vogel's brief generally argues that her sentences were excessive, but concentrates on what Vogel believed to be consecutive sentences. For the sake of completeness, we address Vogel's sentence for resisting arrest and find it not to be excessive. Vogel was sentenced to 12 months' imprisonment for her resisting arrest conviction. A sentence imposed within the statutory limits will not be disturbed absent an abuse of discretion. *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022). Resisting arrest is a Class I misdemeanor punishable by up to one year imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2022). Vogel's sentence of 12 months' imprisonment is within the statutory guidelines and therefore will not be disturbed absent an abuse of discretion.

An abuse of discretion occurs when a trial court's decision is based upon reasons or rulings that are untenable or unreasonable or if its action is clearly against conscience, reason, and evidence. *State v. Abligo, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's age, mentality, education and experience, social and cultural background, past criminal record or record of law abiding conduct, and motivation for the offense, as well as the nature of the offense, and the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Miller*, 312 Neb. 17, 978 N.W.2d 19 (2022).

The sentencing court informed Vogel at the sentencing hearing that it had spent a "significant amount of time" reviewing the PSR and case files and considered Vogel's age, mentality, education, social and cultural background, her law-abiding behavior, the positive aspects of her life such as her family and community, and the nature of the circumstances of the offense. The court described Vogel's recent criminal behavior as demonstrating a pattern of escalation and found her attitude to be dismissive. The court considered all the appropriate factors and did not abuse its discretion in imposing its sentence for resisting arrest.

## CONCLUSION

We find that the district court committed plain error in failing to sentence Vogel to a determinate sentence and in failing to impose a term of post-release supervision for Vogel's Class IIIA felony conviction for third degree assault on an officer. Therefore we vacate the sentence imposed on that charge and remand the cause for resentencing as to that charge only. We affirm the court's sentence of 12 months' imprisonment on Vogel's conviction for resisting arrest.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.